UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                         No. 98-4170

RONALD DANTZLER, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CR-97-40)

Submitted: July 28, 1998

Decided: September 3, 1998

Before HAMILTON and MOTZ, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Janipher W. Robinson, ROBINSON & GREENE, Richmond, Virginia, for Appellant. Helen F. Fahey, United States Attorney, James B. Comey, Assistant United States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In the midst of a bench trial on a charge of possession of crack cocaine with intent to distribute, <u>see</u> 21 U.S.C.A. § 841 (West 1981 & Supp. 1998), Ronald Dantzler, Jr., entered a plea of guilty. He was sentenced to a term of 120 months imprisonment. Dantzler appeals his sentence, alleging that the district court clearly erred in denying him an adjustment for acceptance of responsibility, <u>see</u> USSG § 3E1.1,* in denying him a reduction under the safety valve provisions, <u>see</u> USSG §§ 2D1.1(b)(6), 5C1.2, and in enhancing his sentence for possession of a firearm, <u>see</u> USSG§ 2D1.1(b)(1). We affirm.

On June 27, 1996, a confidential informant made a controlled purchase of crack from Dantzler. Later the same evening, the house where Dantzler sold the crack to the informant was searched under a search warrant. Dantzler and seven or eight other people were in the house. In the right rear bedroom--the room from which Dantzler retrieved the crack sold to the informant--the police found forty-seven grams of crack, an Intratec 9 mm pistol, a Norinco assault rifle, and Dantzler's keys, birth certificate, and Social Security card. Seven more firearms were scattered about the house. After his arrest, Dantzler stated that he was holding the Norinco rifle for someone else and that the Sig Sauer handguns found in the bathroom and on top of the refrigerator were his.

Before he was sentenced, Dantzler objected to the probation officer's recommendation that he not receive an adjustment for acceptance of responsibility based on a letter he wrote to the probation officer following his interview. In the letter, Dantzler asserted that only eight grams of crack were in the house at the time of the search

_____

*<u>U. S. Sentencing Guidelines Manual</u> (1997).

2

and pointed out that defense witnesses at trial had claimed ownership of several of the firearms in the house. Dantzler also contested the recommended two-level enhancement for possession of firearms and, at the sentencing hearing, requested a reduction under USSG § 2D1.1(b)(6), the safety valve provision. To be eligible for the two-level safety valve reduction, a defendant must meet five criteria, one of which is that he did not possess a firearm or other dangerous weapon in connection with the offense. The district court found that an enhancement for possession of a firearm during the offense was proper--thus eliminating the possibility of a safety valve reduction-- and that Dantzler had not earned an adjustment for acceptance of responsibility. We review the district court's findings for clear error. See United States v. Apple, 915 F.2d 899, 914 (4th Cir. 1990) (weapon enhancement); United States v. Castner , 50 F.3d 1267, 1279 (4th Cir. 1995) (acceptance of responsibility).

The weapon enhancement should be applied if a weapon was present during the offense, unless it is clearly improbable that the weapon was connected to the offense. See USSG § 2D1.1, comment. (n.3). The informant testified at trial that he saw a rifle in the bedroom when he first bought crack from Dantzler. A little over a month later, a large number of firearms were recovered from the house where Dantzler made the controlled sale of crack to the informant. The information before the district court did not support a finding that it was clearly improbable that the firearms were connected to Dantzler's drug dealing. Therefore, the weapon enhancement and the denial of a safety valve reduction were not clearly erroneous.

In determining whether a defendant has accepted responsibility for his conduct, a district court may consider whether he has truthfully admitted, or not falsely denied, any relevant conduct for which he is accountable. See USSG § 3E1.1, comment. (n.1(a)). After his plea, Dantzler was candid in his interview with the probation officer, but he later disputed the amount of crack found during the search, although he had stipulated to that amount at trial. In these circumstances, the district court did not clearly err in finding that Dantzler had not demonstrated acceptance of responsibility.

The sentence is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented

3

in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4